# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO DELACRUZ,<br><br>    Petitioner,<br><br>    v.<br><br>STU SHERMAN, Warden,<br><br>    Respondent. | Case No.: 1:19-cv-00850-JLT (HC)<br><br>ORDER DISMISSING FIRST AMENDED PETITION AND DIRECTING PETITIONER TO FILE A SECOND AMENDED PETITION<br><br>[THIRTY-DAY DEADLINE] |

    Petitioner filed a Petition for Writ of Habeas Corpus on June 19, 2019. (Doc. 1.) Following a preliminary screening of the petition, the Court determined that Petitioner failed to present any cognizable grounds for relief or any facts in support. Therefore, on July 15, 2019, the Court issued an order directing Petitioner to submit a first amended petition. (Doc. 5.) Petitioner filed a first amended petition on August 9, 2019, which is presently before the Court. (Doc. 6.) The Court has screened the first amended petition and finds it too fails to state a cognizable federal claim for relief. Therefore, the Court will dismiss the amended petition and direct Petitioner to file a second amended petition.

**I.    DISCUSSION**

    A.  <u>Preliminary Review of Petition</u>

    Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it

1

plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

B. <u>Failure to State a Cognizable Federal Claim</u>

The basic scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). <u>See also</u> Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

In order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

In addition to the above, Rule 2(c) of the Rules Governing Section 2254 Cases requires that the petition:

> (1) Specify all the grounds for relief available to the petitioner;
> (2) State the facts supporting each ground;
> (3) State the relief requested;
> (4) Be printed, typewritten, or legibly handwritten; and
> (5) Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Petitioner has again failed to comply with Rule 2(c) by failing to specify any ground for relief or the facts supporting his claims. It appears Petitioner may be attempting to set forth claims of

2

ineffective assistance of counsel and insufficiency of the evidence, but those grounds are not specified. Additionally, Petitioner fails to state how the adjudication of his claims in state court resulted in a decision that was contrary to, or an unreasonable application of, clearly established Supreme Court authority. Therefore, Petitioner fails to state a cognizable federal habeas claim and the petition must be dismissed.

A petition for writ of habeas corpus must specify the grounds for relief as well as the facts supporting each ground. Rule 2(c) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 2254. The petitioner must make specific factual allegations that would entitle him to habeas corpus relief if they are true. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); United States v. Popoola, 881 F.2d 811, 812 (9th Cir. 1989). Each ground for relief must be clearly stated and allege what federal constitutional violation has occurred, along with providing facts that support the grounds for relief. A narrative or summary of the case will not suffice. This requires the Court to expend considerable time and resources attempting to determine which claims petitioner seeks to raise before this Court. It is unreasonable to expect the Court to take on such a task when the responsibility to inform the Court lies solely with the petitioner. The Court will not permit these proceedings to continue based on surmise and speculation about what Petitioner is or may be contending. After setting forth his grounds for relief, Petitioner also needs to state how the adjudication of his claims in state court resulted in a decision that was contrary to, or an unreasonable application of, clearly established Supreme Court authority.

Additionally, because Petitioner has not clearly set forth his grounds for relief, a determination as to whether the claims have been exhausted in the state courts is impossible. In addition to listing his grounds for relief, Petitioner must tell the Court which claims were raised at which court. This information must include the dates of filing and disposition so as to determine whether Petitioner has exhausted his state remedies and is in compliance with the limitations period prescribed by 28 U.S.C. §2244(d)(1). Without this information, the Court cannot proceed to the merits of the petition.

Accordingly, Petitioner will be granted an opportunity to file a second amended petition curing

these deficiencies. Petitioner is advised that he should entitle his pleading, "Second Amended Petition," and he should reference the instant case number. The Court will also direct the Clerk of Court to provide Petitioner with a black form petition, and Petitioner is advised to follow the form petition.

**II.     ORDER**

Accordingly, the Court **ORDERS**:

1) The first amended petition is **DISMISSED**;
2) Petitioner is **GRANTED** thirty days from the date of service of this Order to file a second amended petition that complies with this order; and
3) The Clerk of the Court is **DIRECTED** to send Petitioner a blank form petition for petitioners filing pursuant to 28 U.S.C. § 2254.

Petitioner is forewarned that his failure to comply with this Order may result in an Order of Dismissal or a Recommendation that the petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:     **September 19, 2019**              **/s/ Jennifer L. Thurston**
                                                          UNITED STATES MAGISTRATE JUDGE