UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO DELACRUZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>STU SHERMAN, Warden,<br><br>　　　　Respondent. | Case No.: 1:19-cv-00850-NONE-JLT (HC)<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS FOR FAILURE TO EXHAUST<br><br>[Doc. 16]<br><br>[TWENTY-ONE DAY OBJECTION DEADLINE] |

On June 19, 2019, Petitioner filed the instant federal petition for writ of habeas corpus. (Doc. 1.) Respondent filed a motion to dismiss the petition on March 25, 2020. (Doc. 16.) Because the petition is unexhausted, the Court will recommend that Respondent's motion to dismiss be GRANTED.

**DISCUSSION**

A.　Background

A jury found Petitioner guilty of second degree murder, gross vehicular manslaughter, and driving with a license that was suspended or revoked for driving under the influence of alcohol and/or drugs. (Doc. 16 at 1.) He was sentenced to an indeterminate state prison term of fifteen years on the murder count, ten years on the gross vehicular manslaughter count (stayed), and 180 days in jail for driving with a suspended or revoked license (concurrent). (Docs. 17-1, 17-2.)

On February 19, 2019, the California Court of Appeal affirmed the judgment. (Doc. 17-2.) On

1

1   May 15, 2019, the California Supreme Court denied review. (Docs. 17-3, 17-4.) Petitioner did not file
2   any state collateral actions challenging the state court judgment. (Doc. 16 at 2.)
3         On June 19, 2019, Petitioner filed the instant federal petition for writ of habeas corpus. (Doc.
4   1.) On July 15, 2019, the Court dismissed the petition with leave to file a first amended petition. (Doc.
5   5.) Petitioner filed a first amended petition on August 9, 2019. (Doc. 6.) On September 20, 2019, the
6   Court dismissed the first amended petition and directed Petitioner to file a second amended petition.
7   (Doc. 7.) Petitioner filed a second amended petition on October 7, 2019. (Doc. 8.) On November 7,
8   2019, the Court issued an order to show cause why the petition should not be dismissed for failure to
9   exhaust state remedies. (Doc. 9.) Petitioner filed a response to the order to show cause on December 9,
10  2019. (Doc. 10.) Respondent filed a motion to dismiss the petition on March 25, 2020. (Doc. 16.) On
11  April 17, 2020, Petitioner filed an opposition. (Doc. 18.) Respondent filed a reply on April 22, 2020.
12  (Doc. 19.)

13  B.    Exhaustion

14        A petitioner who is in state custody and wishes to collaterally challenge his conviction by a
15  petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The
16  exhaustion doctrine is based on comity to the state court and gives the state court the initial
17  opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S.
18  722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).
19        A petitioner can satisfy the exhaustion requirement by providing the highest state court with a
20  full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v.
21  Henry, 513 U.S. 364, 365 (1995). A federal court will find that the highest state court was given a full
22  and fair opportunity to hear a claim if the petitioner has presented the highest state court with the
23  claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504
24  U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).
25        Additionally, the petitioner must have specifically told the state court that he was raising a
26  federal constitutional claim. Duncan, 513 U.S. at 365-66. In Duncan, the United States Supreme
27  Court reiterated the rule as follows:
28        In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state
      remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in

2

order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added), *as amended by* Lyons v. Crawford, 247 F.3d 904, 904-5 (9th Cir. 2001).

Petitioner did not properly present his federal claims in the state courts. As Respondent argues, the federal petition includes only unexhausted claims that were not presented to the California Supreme Court. (Doc. 16 at 4-5; Doc. 19 at 1-2.) Because Petitioner has not properly presented his claims for federal relief in the state courts, the Court will recommend dismissal of the petition for failure to exhaust state remedies. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001).

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that Respondent's motion to dismiss the petition be GRANTED and the petition be DISMISSED WITHOUT PREJUDICE for failure to exhaust.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within twenty-one days after being served with a copy, Petitioner may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 11, 2020**  			    **/s/ Jennifer L. Thurston**
					UNITED STATES MAGISTRATE JUDGE