UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUSTAVO DELACRUZ,<br><br>    Petitioner,<br><br>    v.<br><br>STU SHERMAN, Warden,<br><br>    Respondent. | No. 1:19-cv-00850-NONE-JLT (HC)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Doc. Nos. 16, 20) |

Petitioner Gustavo Delacruz is a state prisoner proceeding in *propria persona* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The instant federal habeas petition was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. After a preliminary review of petitioner's second amended petition under Rule 4 of the Rules Governing Section 2254, the assigned magistrate judge found that petitioner's ineffective assistance of counsel claim had not been exhausted in state court. (Doc. No. 9 at 3.) Accordingly, the magistrate judge issued an order to show cause why the habeas petition should not be dismissed due to petitioner's failure to exhaust his claims in state court. (*Id.*) Petitioner responded to the OSC on December 9, 2019. (Doc. No. 10.) Respondent then filed a motion to dismiss on March 25, 2020, arguing that, in addition to the ineffective-of-counsel claim, petitioner's other claims in which he challenged his judgment of conviction on the grounds that the state trial court had erred by improperly admitting evidence and violating his privilege against

1

self-incrimination at trial were also not exhausted in state court either.  (Doc. No. 16 at 2, 4–5.)  Petitioner opposed the motion to dismiss, and respondent replied thereto.  (Doc. Nos. 18-19.)  On May 12, 2020, the magistrate judge issued findings and recommendations recommending that the pending federal habeas petition be dismissed due to petitioner's failure to exhaust his claims by first presenting them to the state's highest court.  (Doc. No. 20.)  Petitioner filed his objections to the findings and recommendations on May 22, 2020.  (Doc. No. 21.)

Pursuant to 28 U.S.C. § 636 (b)(1)(C), the undersigned has reviewed this case *de novo* and finds that the magistrate judge's findings and recommendations are supported by the record and proper analysis.  The court also finds that petitioner's objections fail to meaningfully address his obligation to first exhaust his claims in state court.  Accordingly, the undersigned will adopt the pending findings and recommendations in full.

The court must now turn to whether a certificate of appealability should be issued.  A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253.  Courts should issue a certificate of appealability only if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).  In the present case, the court finds that reasonable jurists would not find the court's determination that the petition should be dismissed debatable or wrong, or that petitioner should be allowed to proceed further.  Therefore, the court declines to issue a certificate of appealability.

Accordingly, the court ORDERS as follows:

1. The findings and recommendations (Doc. No. 20), filed May 12, 2020, are ADOPTED in full;
2. Respondent's motion to dismiss (Doc. No. 16) is GRANTED;
3. The second amended petition for writ of habeas corpus (Doc. No. 8) is DISMISSED;

/////

4. The Clerk of Court is DIRECTED to close this case; and

5. The court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **October 5, 2020**

UNITED STATES DISTRICT JUDGE